(C.D. 4069)

NEW YORK MERCHANDISE Co., INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided August 28, 1970)

*Stein & Shostak* (*Leonard M. Fertman* of counsel) for the plaintiff.
*William D. Ruckelshaus*, Assistant Attorney General (*Bernard J. Babb* and *Andrew P. Vance*, trial attorneys), for the defendant.

Before RICHARDSON, LANDIS, and ROSENSTEIN, Judges

LANDIS, Judge: The issue in this protest is whether the imported article, produced with two faces flush on reverse surfaces so as to make a two-faced mirror with a magnifying side and a plain side, framed in metal, has a reflecting area not over 1 sq. ft., under TSUS item 544.51, as classified by customs, or over 1 sq. ft., under TSUS item 544.54, as plaintiff claims. Mirrors, with or without frames, not over 1 sq. ft. in reflecting area, are dutiable at 33 per centum ad valorem. Those having a reflecting area over 1 sq. ft. are dutiable at only 20 per centum ad valorem.

This protest identifies six entries filed at San Diego covering articles (mirrors) imported from Japan. On trial, in open court, counsel for plaintiff stated that the claim in the protest "is directed at the classification of the following articles: P5/43T in consump-

tion entry 5234, and also to item No. 94/7771 in consumption entry 5510. The remaining items and entries are abandoned." Entry Nos. 7016, 5459, 6752, and 4048 are accordingly severed from this protest. As to those entries, the protest is dismissed.

Exhibit 1 is a representative sample of item P5/43T, a 12-inch mirror; exhibit 1-A is its base. Exhibits 2 and 2-A are the mirror and base representative of item 94/7771, a 10-inch mirror. Exhibit 3 is a page from plaintiff's catalog showing how the protest items are advertised and offered to customers.

Items 94/7771 and P5/43T are concededly mirrors. It is stipulated that each face of item 94/7771 has a reflecting area of 78.54 square inches (not over 1 sq. ft.); and that each face of item P5/43T has a reflecting area of 113.076 square inches (not over 1 sq. ft.). Mr. Ison Rovell, plaintiff's department manager, testified on trial. His testimony adds nothing that we need consider relevant to the reflecting area stipulated above.

The only cases cited in plaintiff's brief are offered to establish that the mirror here involved is an entirety. That argument is irrelevant when we find that customs considered the mirror an entirety.

Plaintiff's main contention is that the reflecting area of the entirety, to wit, a two-faced mirror, is the sum measured by the square of the two reflecting faces, and not the square of just one reflecting face. Plaintiff cites no precedent or authority to support the contention and we have found none. The contention has little if any force in ordinary sense. An "area" is the surface included within any set of lines. (Webster's New International Dictionary, 1966 edition.) The commercial entity in this case is a "Double Face Mirror" (exhibit 3), the area or surface of which is determined by a metal frame. Neither face is over 1 sq. ft. Plaintiff has come up with nothing which persuades us that the phrase "over 1 sq. ft. in reflecting area" should be read to include an article "over 1 sq. ft. in [two] reflecting area[s]."

The protest is overruled as to entry Nos. 5234 and 5510. It is dismissed as to entry Nos. 7016, 5459, 6752, and 4048.

Judgment will be entered accordingly.