59 CCPA

**NEW YORK MERCHANDISE, INC.,**
**Appellant,**

v.

**The UNITED STATES, Appellee.**

**Custom Appeal No. 5434.**

United States Court of Customs
and Patent Appeals.

May 25, 1972.

Stein & Shostak, Los Angeles, Cal., attorneys of record, for appellant; Leon-ard M. Fertman, Los Angeles, Cal., of counsel.

L. Patrick Gray, III, Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, Susan C. Cassell, New York City, for the United States.

Before RICH, ALMOND, BALDWIN, and LANE, Judges, and RE, Judge, United States Customs Court, sitting by designation.

RE, Judge.

The question presented on this appeal is whether the Customs Court [1] erred in overruling the importer's protest to the classification of certain merchandise under item 544.51 of the Tariff Schedules of the United States, as "Mirrors * * * Not over 1 sq. ft. in reflecting area" dutiable at 33% ad valorem. Appellant contends that the merchandise should properly be classified under item 544.54, TSUS, as "Mirrors * * * Over 1 sq. ft. in reflecting area" and therefore dutiable at 20% ad valorem.

The statutory provisions read as follows:

> Mirrors, made of any of the glass described in items 541.11 through 544.41, with or without frames or cases (except framed or cased mirrors of precious metal, and mirrors designed for use in instruments):

| | | |
|---|---|---|
| 544.51 | Not over 1 sq. ft. in reflecting area .................. | 35% ad val. |
| | * * * * * * | |
| 544.54 | Over 1 sq. ft. in reflecting area .................. | 20% ad val. |
| | * * * * * * | |

The imported articles comprise two individual mirrored pieces of glass—one yielding an ordinary reflection image, the other a magnified one—which are placed back to back, separated by cardboard, in a metal frame or ring mounted on a ceramic base. Exhibit 1 is a so-called 12 inch mirror, while Exhibit 2 is denominated a 10 inch mirror. Exhibit 3, a page from the importer's catalog, was received in evidence to show how the imported items are advertised and offered to customers. The parties stipulated that each of the two faces of the

1. 65 Cust.Ct. 146, C.D. 4069 (1970).

respective importations has a reflecting surface measuring either 113.076 sq. inches in area (Exhibit 1) or 78.54 sq. inches in area (Exhibit 2). Each of those measurements is, of course, less than 1 sq. ft. (144 sq. inches) in reflecting area.

With that background, the Customs Court sustained classification under item 544.51, stating:

Plaintiff's main contention is that the reflecting area of the entirety, to wit, a two-faced mirror, is the sum measured by the square [sic: areas] of the two reflecting faces and not the square [sic: area] of just one reflecting face. Plaintiff cites no precedent or authority to support the contention and we have found none. The contention has little if any force in ordinary sense. An "area" is the surface included within any set of lines. (Webster's New International Dictionary, 1966 edition.) The commercial entity in this case is a "Double Face Mirror" (Exhibit 3), the area or surface of which is determined by a metal frame. Neither face is over 1 sq. ft. Plaintiff has come up with nothing which persuades us that the phrase "over 1 sq. ft. in reflecting area" should be read to include an article "over 1 sq. ft. in [two] reflecting area[s]."

While appellant does not disagree with the definition of "area" adopted by the trial court, it points out that there are *two* surfaces included within the metal frame of the articles at bar, and maintains that the *total* reflecting area of those articles "necessarily includes both reflecting surfaces." Appellant further argues:

In applying the doctrine of entireties in the instant case, the two-face mirrors at issue should be treated as a single article of commerce or commercial entity for all purposes. The trial court's holding that the reflecting area of the double-face mirrors at bar is determined by measuring the reflecting area of only one reflecting side of these mirrors violates the doctrine of entireties and is patently erroneous. The statute at issue herein refers to the *reflecting area* of mirrors In order for the mirrors at bar to have a reflecting area of less than one square foot, as held by the trial court, each double-face mirror must be measured on only *one* of its reflecting surfaces. Since each mirror has two reflecting surfaces, the measurement approved by the trial court is measurement of only one-half of the reflecting area of these commercial entities.

This holding of the trial court must necessarily lead to· the incongruous determination that the reflecting areas of a mirror having a single face and of a double-face mirror having the same size metal frame would be identical. There is no logical basis for the adoption of such an interpretation, and in the absence of legislative history · establishing such an intent, Congress should not be deemed to have intended such a result. The double-face mirrors at bar have two reflecting surfaces. Since both of these surfaces are reflecting surfaces, the reflecting area of the commercial entities at bar which contain them—the double-face mirrors—must be the *total* reflecting area of each mirror, which is equal to the sum of the two reflecting surfaces, * * *. (Emphasis in original.)

We cannot agree. We think the fallacy in appellant's argument lies, at least in part, in its assumption that each of the imported articles constitutes a single mirror. Throughout its brief, including the previous quotation, it loosely refers to the individual imports as a double-faced or two-faced mirror, and to the imports · collectively as double-faced or two-faced mirrors. In reality, however, each imported article comprises not one mirror, but two separate, somewhat functionally disparate mirrors. Even as· parts of an entirety, the *two* distinct mirrors making up the present importations cannot have merely *one* reflecting area. Each mirror surface here neces-

sarily has its own reflecting area, particularly since there is no continuity in surface area between the respective surfaces of each mirror. Thus, the two mirrors constituting each entirety at bar have two reflecting areas, each of which is less than 1 sq. ft. in reflecting area. Like the court below, we are not persuaded .that Congress intended the phrase "Mirrors * * * Over 1 sq. ft. in reflecting area" to be read to include an article consisting of two mirrors "Over 1 sq. ft. in [two] reflecting area[s]." See, by way of analogy, American Import Co. v. United States, 3 Treas.Dec. 743, T.D. 22470, G.A. 4760 (1900).

▮ In short, we do not think appellant has sustained its dual burden of overcoming the presumption of correctness attaching to the classification of the imported merchandise, and of proving that its own contended classification is correct. The judgment of the Customs Court is affirmed.

Affirmed.