(C.D. 4429)

HUDSON MERCHANDISE CO. v. UNITED STATES

Court No. 71–9–01148

(Decided May 30, 1973)

*Barnes, Richardson & Colburn* (*Joseph Schwartz* and *Irving Levine* of counsel) for the plaintiff.

*Harlington Wood, Jr.*, Assistant Attorney General (*Jordan J. Fiske* and *Robert B. Silverman*, trial attorneys), for the defendant.

WATSON, Judge: Certain imported merchandise, invoiced as Mirror-Flex, consisting of a mirror, mounted on a cotton cloth backing, scored to make 1-inch squares and imported in sheets of 3 square feet, was classified as mirrors made of any of the glass described in items 541.11 through 544.41, having a reflecting area not over 1 square foot, under TSUS item 544.51, as modified by T.D. 68–9, and assessed with duty at the rate of 23.5 per centum ad valorem.

In protesting that classification, plaintiff contends that the merchandise at bar is entitled to the lower assessment of 14 per centum ad valorem, by virtue of TSUS item 544.54, as modified by T.D. 68–9, which provides for the same type of mirrors as does TSUS item 544.51, but whose reflecting area is greater than 1 square foot.

The competing provisions are as follows:

|  | Mirrors, made of any of the glass described in items 541.11 through 544.41, with or without frames or cases except framed or cased mirrors of precious metal, and mirrors designed for use in instruments) : | |
| --- | --- | --- |
| 544.51 | Not over 1 sq. ft. in reflecting area_____ | 23.5% ad val. |
| | *    *    *    *    *    *    * | |
| 544.54 | Over 1 sq. ft. in reflecting area_____ | 14% ad val. |

The record is comprised of the testimony of one witness for the plaintiff and a number of exhibits received in evidence.

Plaintiff's exhibit 1 is a representative sample of the subject imported merchandise, Mirror-Flex. Mr. Bernard Lubow, sole witness and sole proprietor of the plaintiff company, described the only economically practical way of manufacturing the subject merchandise. In this process, *a sheet* of mirror glass, in the instant case 18 by 24 inches, is pasted to a cotton backing. The subject article then goes through a machine in which the glass is scored by numerous carborundum wheels; 18 scores 1 inch apart on the shorter side of the glass and 24 scores 1 inch apart on the longer side of the glass. After it has been machine scored, it is manually bent across the edge of the

table thereby breaking the glass at the scorings; resulting in a single flexible mirror 18 by 24 inches. Mr. Lubow testified further that in its imported condition it is one sheet, but it may, after importation, be cut in order to conform to the size of the article or object which it is to cover.

Thus, the issue as presented to this court is whether the involved Mirror-Flex is composed of numerous little mirrors and is not over 1 square foot in reflecting area as that term is used in item 544.51, or whether the subject merchandise has a reflecting area of greater than 1 square foot and would thereby be classifiable under item 544.54.

The plaintiff contends that the reflecting area of a mirror is determined by its entire surface and not by any smaller reflecting surface. To the extent that the surfaces in question are essentially continuous in nature, I would agree. In my opinion the Mirror-Flex is a single mirror 18 by 24 inches as imported. In its method of manufacture and its state of existence at the time of importation, it is fundamentally a single mirror rendered flexible by the process of scoring.

In this matter, the examination of the exhibits has been of particular importance. I am convinced, upon reflection I might say, that the importation possesses a unitary reflective quality without distinct, abrupt and significant fragmentation of the image as would be the case with independent mirrors. The nature of the importation lies more in its flexibility for application to varying surfaces than in the creation of distinct and separate small mirrors.

The importation is clearly distinguishable from the three mirrors, designed to provide front and side views of the face, which were the subject of *American Import Company* v. *United States*, 3 Treas. Dec. 743, T.D. 22470 (G.A. 4760) (1900). In that venerable case, cited by the defendant, the court found the importation to be composed of three separate mirrors. There, of course, the calculated, designed and distinctly functional separate relationship between the mirrors, was far more evident than here where I do not see the individual segments as being the focus of separate attention. In the same manner, the Court of Customs and Patent Appeals in the recent decision in *New York Merchandise Co., Inc.* v. *United States*, 59 CCPA 127, C.A.D. 1052 (1972), affirming 65 Cust. Ct. 146, C.D. 4069 (1970), held that a two-faced mirror, although a single commercial entity, possessed two separate reflecting areas neither of which was over 1 square foot in area. In that case the appellate tribunal referred to the lack of continuity of surface area between the two mirrors, a circumstance which manifestly does not exist herein, and which renders the instant fact situation distinguishable.

The merchandise at bar has essentially only one reflecting surface and does have a continuity of surface area, thereby distinguishing it from the importations in *New York Merchandise.*

The plaintiff contends further, and correctly so, that the defendant is requesting the classification be upheld upon an assumed dismemberment of the imported article. However, Mr. Lubow's testimony has satisfied the court that the merchandise is never cut before selling, is imported in only the 18- by 24-inch size, and is made only in this size by the English manufacturer. The process of scoring does not affect the mirror's size upon importation. Therefore, since the merchandise is imported as a single article in a size of 18 by 24 inches and manufactured only in that size, it should be classified in that size. Additionally, the courts have set forth the general axiom in *United States* v. *Lo Curto & Funk*, 17 CCPA 342, T.D. 43777 (1929) ; *United States* v. *Citroen*, 223 U.S. 407, 56 L.Ed. 486 (1912), and cases cited therein, that merchandise is classifiable in accordance with its condition at the time of importation and not in any condition it may subsequently take.

On the basis of the record herein presented, the court is of the opinion and holds that the plaintiff's claim for the rate of duty of 14 per centum ad valorem under TSUS item 544.54 should be sustained.

Judgement will be entered accordingly.